IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERMAINE OLIVER, #188 519, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-863-WKW |
| | ) | |
| DR. T. SIDDIQ, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on October 31, 2016. Plaintiff did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Plaintiff provided financial information necessary to determine the average monthly balance in, and the average monthly deposits to, his inmate account for the 6-month period immediately preceding the filing of this complaint.

After a thorough review of the financial information provided by Plaintiff and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Plaintiff owed an initial partial filing fee of $4.53. Doc. 3. The court ordered that Plaintiff pay the initial partial filing fee on or before November 30, 2016. Doc. 3. In addition, this order specifically informed Plaintiff "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." Doc. 3 (emphasis in original). The order also "advised [Plaintiff] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3.

Moreover, the court specifically cautioned Plaintiff that failure to pay the requisite fee within the time allowed by the court would result in a recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3.

Plaintiff has failed to pay the initial partial filing fee within the time allowed by the court. The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for the failure of Plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further ORDERED that on **or before February 2, 2017**, Plaintiff may file an objection to this recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

2

plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 19th day of January, 2017.

                                              */s/ Gray M. Borden*
                                              UNITED STATES MAGISTRATE JUDGE